## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rachel Denciger, individually and on behalf of all others similarly situated;<br><br>                    Plaintiff,<br><br><br><br><br><br>   -v.-<br><br>Affiliate Asset Solutions, LLC,<br><br>Pendrick Capital Partners II, LLC,<br><br>                 Defendant(s). | Civil Action No: 1:21-cv-2995<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rachel Denciger (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendants Affiliate Asset Solutions, LLC and Pendrick Capital Partners II, LLC (hereinafter referred to as "Defendant Affiliate" and "Defendant Pendrick" respectively, or "Defendants" together), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of New York, County of Kings.

8. Defendant Affiliate is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with an address for service of process at C T Corporation System, 28 Liberty St., New York, New York, 10005.

9. Upon information and belief, Defendant Affiliate uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Pendrick is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) with an address for service of process at Pendrick Capital Partners II, LLC, 2331 Mill Rd., Suite 510, Alexandria, Virginia, 22314.

11. Upon information and belief, Defendant Pendrick uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13. The Class consists of:

    a. all individual consumers with addresses in the State of New York;

    b. to whom Defendant Affiliate sent a collection letter attempting to collect a consumer debt;

    c. for which the debt is not time barred by the statute of limitations for a lawsuit to occur;

    d. in which the letter states that "debt collector believes that the legal time limit (statute of limitation) for suing you to collect this debt may have expired";

e.  which letter was sent on or after a date one (1) year prior to the filing of this

action and on or before a date twenty-one (2l) days after the filing of this action.

14.   The identities of all class members are readily ascertainable from the records of

Defendant Affiliate and those companies and entities on whose behalf they attempt to collect

and/or have purchased debts.

15.   Excluded from the Plaintiff Class are the Defendants and all officers, members,

partners, managers, directors and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate

families.

16.   There are questions of law and fact common to the Plaintiff Class, which common

issues predominate over any issues involving only individual class members. The principal issue

is whether the Defendant Affiliate's written communications to consumers, in the forms attached

as Exhibit A, violate 15 U.S.C. § l692e, §1692f and §1692g et seq.

17.   The Plaintiff's claims are typical of the class members, as all are based upon the same

facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the

Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in

handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff

nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18.   This action has been brought, and may properly be maintained, as a class action

pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a

well-defined community interest in the litigation:

a. **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions' predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant Affiliate's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § l692e, §1692f and §1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant Affiliate's common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.    Prior to December 20, 2020, a debt obligation was allegedly created to the original creditor, Univ Emerg Spec Ahuja LLC (hereinafter "Original Creditor").

23.    Upon information and belief, Original Creditor sold the defaulted debt to Defendant Pendrick.

24.    Upon information and belief, Defendant Pendrick contracted with Defendant Affiliate, to act as their agent in collecting the subject debt from the Plaintiff.

25.    Therefore, Defendant Pendrick is liable for all violations committed by Defendant Affiliate while the latter was operating within the scope of the former's agency.

26.    The original subject obligation arose out of medical services. The subject debt was incurred by Plaintiff solely for personal, household or family purposes.

27.     The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a (3).

28.     The subject obligation is consumer-related and therefore a "debt" as defined by 15 U.S.C.§ 1692a (5).

29.     Defendant Pendrick purchased the subject debt when the debt was in default and is therefore a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

30.     Defendant Affiliate was contracted for the purpose of collecting the subject debt on behalf of Defendant Pendrick. Therefore, Defendant Affiliate is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

*Violation – December 20, 2020 Collection Letter*

31.     On or about December 20, 2020, Defendant Affiliate sent the Plaintiff a collection letter (the "Letter") regarding the alleged debt originally owed to the Original Creditor. (See Exhibit A attached hereto.)

32.     The Letter sets out a paragraph in red print as follows:

"We are required by regulation of the New York State Department of Financial Services to notify you of the following information. This information is NOT legal advice: Your creditor or underline debt collector believes that the legal time limit (statute of limitations) for suing you to collect this debt may have expired. It is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., to sue to collect on a debt for which the statute of limitations has expired. However, if the creditor sues you to collect on this debt, you may be able to prevent the creditor from obtaining a judgment against you. To do so, you must tell the court that the statute of limitations has expired. Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit

<u>to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again.</u> If you would like to learn more about your legal rights and options, you can consult an attorney or a legal assistance or legal aid organization." (underlining added for emphasis and not contained in the Letter.)

33.    However, as of the date of the Letter the debt is within the 6-year statutory period to file suit and is not time barred.

34.    The least sophisticated consumer, and the Plaintiff included, was led to believe the subject debt was shielded from a lawsuit.

35.    The Letter suggests that the statute of limitations has expired and continues to explain the rights of a consumer, should the debt collector wrongly sue the debtor.

36.    Then, the Letter warns the consumer to "be aware" that making payments on the debt or various other types of communications could restart the time period by which a debt collector could collect on the debt.

37.    The least sophisticated consumer, and the Plaintiff included, would heed this warning and cease payment on the debt as well as any other communications regarding the debt, fearful of restarting debt collection efforts on a debt that is currently legally un-collectable.

38.    Furthermore, Defendant Affiliate includes a G-notice, providing notice of the consumer's right to dispute the validity of the debt.

39.    However, the least sophisticated consumer, as well as the Plaintiff, would not want to risk disputing the validity of the debt if such a dispute could re-open the debt to a new period of debt collection, by way of an admission of owing the debt.

40.    In reality, this debt is subject to potential litigation until May 12, 2022.

41. In result, the Plaintiff incurred an informational injury as Defendant misstated the nature and character of the debt.

42. These violations by Defendant Affiliate were knowing, willful, negligent and/or intentional, and Defendant Affiliate did not maintain procedures reasonably adapted to avoid any such violations.

43. Defendant Affiliate's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

44. Defendant Affiliate's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant Affiliate's collection efforts because Plaintiff could not adequately respond to Defendant Affiliate's demand for payment of this debt.

45. Defendant Affiliate's actions created an appreciable risk to Plaintiff of being unable to properly respond to or handle Defendant Affiliate's debt collection.

46. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

47. Plaintiff would have pursued a different course of action were it not for Defendant Affiliate's statutory violations.

48. As a result of Defendant Affiliate's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

49.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

50.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

51.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52.     Defendant violated §1692e:

    a.     As the letter falsely represents the true character and legal status of the debt in violation of §1692e (2); and

    b.     By making a false and misleading representation in violation of §1692e(10).

53.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***

54.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

55.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

56.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

57.     Defendant violated §1692f by unfairly representing that the subject debt was time barred from litigation when in fact it was not.

58.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

59.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

60.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

61.     Pursuant to 15 U.S.C. §1692g, a debt collector must provide notice of a debt:

(a)     Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)      a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)      a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)      a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b)      Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless

12

the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. <u>Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt</u> or request the name and address of the original creditor.

62.     Defendant violated §1692g(b) as the Letter's warning that the consumer might re-start the collection period of the debt by admission alone is inconsistent with the right to dispute the debt.

63.     By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

64.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Rachel Denciger, individually and on behalf of all others similarly situated, demands judgment from Defendants Affiliate Asset Solutions, LLC and Pendrick Capital Partners II, LLC as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 27, 2021                                    Respectfully Submitted,

**STEIN SAKS, PLLC**
 **/s/ Tamir Saland**
Tamir Saland, Esq.
285 Passaic Street
Hackensack, NJ 07601
Ph:  201-282-6500 ext. 122
Fax: 201-282-6501
tsaland@steinsakslegal.com
*Counsel for Plaintiff*